Terry E. LANDSEM, Plaintiff,

v.

ISUZU MOTORS, LTD., a Japanese corporation; General Motors Corporation, a Delaware corporation, and Pacific Venture Shipping S. A. Panama, Defendants.

Civ. No. 78–882–FR.

United States District Court,
D. Oregon.

March 4, 1982.

Raymond J. Conboy, Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland, Or., for plaintiff.

Paul Wonacott, Wood, Tatum, Mosser, Brooke & Holden, Portland, Or., for defendant Pacific Venture Shipping.

## OPINION AND ORDER

FRYE, District Judge:

This is an action for damages resulting from injuries suffered by a longshoreman when he slipped on oil while unloading automobiles from a ship.

Plaintiff claims the shipowner was negligent in the following respects: (a) permitting oil to accumulate on the deck of the vessel; (b) failing to clean up the oil; (c) failing to cover the oil with sand or other non-skid substance; (d) failing to inspect the deck for the presence of oil; (e) failing to warn longshoremen, including plaintiff, of the presence of oil on the deck; (f) failing to guard or barricade the oil spill on the deck of the vessel; and (g) failing to provide adequate illumination of the work area.

The defendant shipowner moved for summary judgment on the ground that plaintiff's evidence is insufficient to support a finding that the shipowner breached any duty imposed on it by law.

Before 1972 a longshoreman could recover damages from a shipowner on the basis of unseaworthiness or negligence. To recover on the basis of unseaworthiness, the longshoreman did not have to prove fault on the part of the shipowner. All that was required was an unsafe, injury-causing condition. *Hedrick v. Pine Oak Shipping, S. A.*, 531 F.Supp. 27 (D.Or.1981).

The 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act abolished the longshoreman's right to

recover on the basis of unseaworthiness, but retained the right to recover for negligence. *Id.*

The Supreme Court defined the shipowner's duties to the longshoreman, the breach of which could render the shipowner liable for negligence, in *Scindia Steam Navigation Co., Ltd. v. DeLos Santos*, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). Most significantly, the Court held that the shipowner has no duty to inspect or supervise the stevedoring operations to discover dangerous conditions that develop during cargo operations assigned to the stevedore. *Id.* at 1624.

■ The shipowner does have duties to the longshoreman in three ways, however. First, the shipowner has a duty to warn the stevedore of hidden defects that would be known to the shipowner in the exercise of reasonable care before turning the ship over to the stevedore. *Id.* at 1622. Second, the shipowner has a duty to exercise reasonable care if it remains actively involved in the cargo operations, and it has a duty to avoid exposing longshoremen to hazards in areas or from equipment that remains in the active control of the vessel. *Id.* Third, if during cargo operations, the shipowner knows of a hazard, either through actual knowledge or constructive knowledge because it existed when cargo operations began, and knows that the stevedore is ignoring that hazard, it may have a duty to intervene. *Id.* at 1626.

It is necessary to note at the outset that the law of the case precludes a finding of negligence on the ground that the ship was the source of the oil that accumulated on the deck. The plaintiff originally joined in this suit the owners of the cargo (automobiles), Isuzu Motors, Ltd. and General Motors Corporation. The Honorable Owen Panner granted their motions for summary judgment on the ground that there was insufficient evidence to support a finding that the oil came from an automobile. He stated, "The oil could have come from a number of different sources, e.g. the ship itself, other oil containers, or other workers' activities." The plaintiff has not produced any new evidence since that ruling to show that it is any more likely that the oil came from the ship than from any of the other possible sources.

The plaintiff contends, however, that the shipowner was negligent in two other ways: (1) failing to discover and make safe the area where the oil was spilled, and (2) failing to provide adequate illumination of the area. The defendant argues that the evidence is insufficient to support a finding that the shipowner had a duty to discover the oil and that the shipowner had no duty to illuminate the area.

### A. Oil Slick

■ When the shipowner turns over an area of the vessel to the stevedore, it has a duty to warn the stevedore of hidden defects. *Id.* at 1622. But in this case, there is no evidence that the oil was present when the cargo area was turned over to the stevedore. The shipowner entrusted the cargo operations to the stevedore on January 5. The plaintiff's accident reportedly occurred on January 7. (Dft.'s Tr. Memo. p. 6). There is insufficient evidence to support a finding that the oil came from any particular source, so it is impossible to draw any inferences as to how long it was there based on its source. Plaintiff has not produced any other evidence tending to show that the oil was present when the cargo operations began.

■ There is no evidence that the shipowner was actively involved in the cargo operations or remained in control of the work area.

There is insufficient evidence to support a finding that the shipowner had a duty to intervene after cargo operations began. Plaintiff has admitted that he has no evidence that the shipowner had actual knowledge of the presence of oil on the deck. (Shipowner's Tr. Memo., Ex. A). A finding of constructive knowledge requires evidence that the hazard existed when cargo operations began and that the shipowner is chargeable with knowledge of the hazard. *Id.* at 1627. Here, there is no evidence that

the oil was present when cargo operations began. Furthermore, there is no evidence that the shipowner would have been chargeable with knowledge even if it is assumed that the oil was present when cargo operations began. There is no evidence that the oil would have been discovered by the shipowner in the exercise of reasonable care. The only evidence on the issue of whether a reasonable shipowner would have inspected and discovered the oil comes from the deposition of Wes Johnson, the stevedore walking boss, who stated that it would be almost an impossibility to check out the cargo areas for oil prior to discharge operations. He stated, "For any type of an inspection of that type, to go through maybe 4,000 cars, around them and under them, that would take weeks." (Shipowner's Supp. Memo., Ex. D).

### B. Lighting

Plaintiff contends that the shipowner was negligent in failing to adequately illuminate the work area. The question is whether the shipowner had any duty with respect to the lighting in that area of the vessel.

■ While the shipowner has a duty to warn the stevedore of hidden defects that, in the exercise of reasonable care, would be known to the shipowner, the lighting on a ship is not a hidden defect.

Plaintiff argues that the shipowner had a duty in regard to the lighting because the lights were equipment that remained in the active control of the shipowner during cargo operations. *Cf. Id.* at 1622. It may be true that the lights on the ship remained in the control of the shipowner. But the *lighting* in that area did not remain in the control of the shipowner. Even accepting as true the plaintiff's deposition testimony

that it was dark and shadowy in the corner where he fell, (Pl. Memo. in Opposition, p. 3), that evidence cannot support a finding that the shipowner was negligent, because it is the duty of the stevedore, not the shipowner, to provide adequate lighting. In *Scindia*, the Supreme Court stated:

> The statutory duty of the stevedore under § 941 to provide a safe place to work has been implemented by the Safety and Health Regulations for Longshoring. 29 C.F.R. 1918.1 *et seq.*

101 S.Ct. at 1626. 29 C.F.R. § 1918.92 provides:

> (a) All walking and working areas shall be adequately illuminated . . .
>
>     \*    \*    \*    \*    \*    \*
>
> (c) Employees shall not be permitted to enter dark holds, compartments, decks, or other places without a flashlight.

In *Davis v. Partenreederei M. S. Normannia*, 657 F.2d 1048, 1053 (9th Cir. 1981), the court held that it was proper to instruct the jury that the sole responsibility for compliance with the regulations of the Occupational Safety and Health Act rested with the employer.[1]

■■ Finally, once cargo operations begin, the shipowner has a duty to intervene only if it knows that an unreasonably dangerous condition exists and that the stevedore is ignoring it. *Scindia*, 101 S.Ct. at 1626. Here, even if the shipowner knew the lighting was inadequate, the duties imposed on the stevedore by law and the shipowner's justifiable expectation that they will be met are relevant to determining whether the shipowner has breached its duty. *Id.* The duty to provide adequate lighting is imposed by law on the stevedore. There is no independent evidence that the

---

1. Plaintiff cites *Samuels v. Empresa Lineas Maritimas Argentinas*, 573 F.2d 884 (5th Cir. 1978) in support of its proposition that a vessel may be liable for failure to light its holds properly, where, as a consequence, a longshoreman suffers injury. (Memo. in Opposition, p. 4). In that case, the plaintiff was injured when he fell in a hole. The court held that the shipowner could be found liable, not because it provided inadequate lighting, but because the jury could find that the crew's inspection of the hold before the work began was sufficient to charge the shipowner with knowledge of the hole and the danger created by it. The lighting had a bearing on whether the crew would have discovered the hole, and whether the hole was open and obvious. The court noted that the lights were provided by the ship, but *placed by the stevedore. Id.* at 886.

shipowner knew the stevedore was ignoring inadequate lighting. The shipowner was justified in assuming that the stevedore was fulfilling its duty to provide adequate lighting.

On a motion for summary judgment supported by affidavits or depositions, the adverse party may not rest upon the allegations of its pleadings. It must respond with specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Here, defendant has supported its motion with testimony from depositions and answers to requests for admission. In response, plaintiff has not come forward with sufficient evidence to support a finding that the shipowner breached any duty imposed on it by law.

IT IS ORDERED that defendant's motion for summary judgment is granted. The Clerk is directed to enter judgment for the defendant and against the plaintiff and to award costs to the defendant.